859 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claude REFFITT, Petitioner,
v.
LEFT BEAVER COAL COMPANY; Old Republic Insurance Company;
Director, Office of Workers' Compensation
Programs; and United States Department
of Labor, Respondents.
 No. 87-3983.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1988.
 
 Before BOYCE F. MARTIN Jr., and DAVID A. NELSON, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claude Reffitt appeals the denial of black lung disability benefits. We affirm the decision of the Benefits Review Board.
 
 
 2
 Reffitt worked as a coal miner for 13- 1/2 years before retiring, at the age of 47, on June 24, 1979. During 1979 and 1980, he was examined by several physicians. Dr. Lowell Martin, a family practitioner, examined him on February 20, 1979 and found that he suffered from pneumoconiosis. Dr. Richard O'Neill, a pulmonary disease specialist, conducted an examination on March 12, 1979 and diagnosed pneumoconiosis. Reffitt was also examined by Dr. William Anderson, Dr. Robert Powell, and Dr. Robert Penman on March 26, 1979, March 28, 1980, and April 2, 1980, respectively; these three pulmonary disease specialists diagnosed pneumoconiosis. Two other physicians who examined Reffitt reached differing conclusions. Dr. J.W. Sutherland saw Reffitt on August 3, 1979 and diagnosed bronchitis and arterial hypertension; Dr. Sutherland did not know whether his condition was related to dust exposure during coal mine employment. Dr. Allen Cornish examined Reffitt on June 2, 1980 and found no evidence of pneumoconiosis.
 
 
 3
 Several physicians also interpreted x-rays taken of Reffitt's chest. Eight x-rays were taken during 1979 and 1980, and a total of 21 interpretations of these films were made. Of the 21 interpretations, 16 interpretations were made by board-certified readers and five were made by non-certified readers. All five interpretations made by non-certified readers were positive for pneumoconiosis. Of the 16 interpretations made by board-certified readers, however, only one interpretation was positive for pneumoconiosis.
 
 
 4
 Reffitt filed an application for black lung benefits on July 17, 1979, and his claim was initially approved. On July 26, 1985, following a formal hearing, an administrative law judge denied his claim, finding that the evidence of record was insufficient to invoke the presumption of total disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(a). The Benefits Review Board affirmed the denial of benefits on September 30, 1987.
 
 
 5
 On appeal, Reffitt argues that the denial of benefits was founded on an improper weighing of the evidence in the record and that a proper weighing of the evidence would entitle him to benefits under the presumption of disability found in 20 C.F.R. Sec. 727.203(a)(1). Reffitt also claims that he is entitled to benefits without the aid of any presumption because he is totally disabled by pneumoconiosis and unable to perform his usual coal mining work.
 
 
 6
 We disagree with both of Reffitt's claims. Our scope of review is narrow. The administrative law judge makes credibility determinations and resolves inconsistencies in evidence, and we must affirm the findings of fact and the conclusions flowing therefrom if supported by substantial evidence. Riley v. National Mines, No. 87-3605, slip op. at 3 (6th Cir. July 27, 1988) (per curiam); Moseley v. Peabody Coal Company, 769 F.2d 357, 360 (6th Cir.1985). We believe that the administrative law judge's finding of the non-existence of pneumoconiosis in this case is supported by substantial evidence. Admittedly, some evidence on the record supports Reffitt's claim of disability; several examining physicians diagnosed pneumoconiosis, and a minority of x-ray interpretations were positive for pneumoconiosis. The record contrarily reveals, however, that other examining physicians did not find pneumoconiosis and that a considerable majority of x-ray interpretations were negative for pneumoconiosis. Most significantly, 15 of the 16 x-ray interpretations made by board-certified readers were negative. The five positive x-ray interpretations made by non-certified readers were contradicted either by subsequent negative interpretations of the same x-ray by board-certified readers or by negative interpretations of later x-rays by board-certified readers. We conclude that the decision denying black lung disability benefits to Reffitt is supported by substantial evidence.
 
 
 7
 Reffitt also claims that he is entitled to benefits without the aid of any presumption because he is totally disabled by pneumoconiosis and unable to continue working as a coal miner. We will not consider this argument because Reffitt failed to raise this issue before either the administrative law judge or the Benefits Review Board. Even if this argument were to be considered, however, it would fail because the administrative law judge specifically held that the "weight of the medical reports clearly establishes that Mr. Reffitt does not suffer a totally disabling respiratory impairment."
 
 
 8
 Because we believe the administrative law judge's finding of the non-existence of pneumoconiosis is supported by substantial evidence, we affirm the decision of the Benefits Review Board.